## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

JEREMY ROWAN and MELINDA )
ROWAN, husband and wife, )
     )
         Plaintiffs, )
     )
v. )
     )    Case No. CIV-19-00205-PRW
STATE FARM FIRE & CASUALTY )
COMPANY, and BRODOC LLC d/b/a )    *(Remanded to District Court*
SERVPRO OF EDMOND, )    *of Oklahoma County,*
     )    *Case No. CJ-2017-7301)*
         Defendants. )

## ORDER

On September 3, 2019, the Court entered an Order (Dkt. 18) remanding this case to state court pursuant to 28 U.S.C. § 1447 (2012). The Order (Dkt. 18) further granted the Plaintiffs' request for costs and expenses pursuant to § 1447(c) and directed the Plaintiffs to submit a motion by no later than September 17th outlining the amount of costs and attorney fees sought. On September 17th, the Plaintiffs filed an Unopposed Motion for Attorney Fees (Dkt. 20) submitting that they incurred attorneys' fees in the amount $8,972.50, as detailed in an attached exhibit; asserting that such amount was reasonable under the standards set forth in *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659; stating that only remaining Defendant, State Farm Fire & Casualty Company (hereinafter, "State Farm"), stipulated and agreed to an award of attorney fees in the amount of $8,972.50; and submitted a proposed Agreed Order granting their motion.

Section 1447(c) permits the Court to "require payment of just costs and any *actual* expenses, including attorney fees, *incurred* as a result of the removal."[1] Despite the statutory language allowing an award of "actual" attorney fees, the Tenth Circuit has held it is error to "grant[] a fee petition in full, without conducting an independent inquiry into the reasonableness of the fees demanded."[2] That is because the Tenth Circuit has read into the word "incurred" a common-sense requirement that the fees be reasonably related to the work of resisting removal and not related to inflated billing rates: "Unreasonably high fees are not 'incurred' as a result of removal; rather, excessive fee requests flow from, and accumulate by means of, improper billing practices, and will not be recoverable under § 1447(c)."[3] District courts "are duty bound to ensure that an award of attorneys' fees pursuant to § 1447(c) is reasonable."[4] Despite imposing a requirement of reasonableness, the Tenth Circuit did not expound upon the factors that district courts should consider when weighing reasonableness. From its discussion of the Seventh Circuit case of *Wisconsin v. Hotline Industries, Inc.*, 236 F.3d 363 (7th Cir. 2000), and its endorsement of that case's "common-sense approach,"[5] however, it is apparent that a district court should not base its

---

[1] 28 U.S.C. § 1447(c) (2012) (emphasis added).

[2] *Huffman v. Saul Holdings Ltd. P'ship.*, 262 F.3d 1128, 1134 (10th Cir. 2001).

[3] *Id.* at 1135.

[4] *Id.* at 1134 (citing *Braco v. MCI Wordlcom Commc'ns, Inc.*, 138 F. Supp. 2d 1260, 1271 (C.D. Cal. 2001); *Mehney-Egan v. Mendoza*, 130 F. Supp. 2d 884, 885 (E.D. Mich. 2001); *Park Nat'l Bank of Houston v. Kaminetzky*, 976 F. Supp. 571, 584 (S.D. Tex. 1996); *Summit Mach. Tool Mfg. Corp. v. Great N. Ins. Co.*, 883 F. Supp. 1532, 1533 (S.D. Tex. 1995)).

[5] *Id.* at 1134–35.

award of attorneys' fees on "the prevailing rate in the area . . . for lawyers specializing in similar work," as a district court's use of that market rate approach served as the basis for the Seventh Circuit's reversal and remand that directed "the district court to determine the actual outlays incurred by the [plaintiff] as a result of [the defendant]'s improper removal.[6]

Upon review of the Plaintiffs' "Fee Detail" Exhibit (Dkt. 20-1)—which includes descriptions of the work performed, the amount of time each task took to perform, and the hourly billing rates charged—the Court concludes that the actual amount of attorneys' fees incurred as a result of each task undertaken by Plaintiffs' counsel in relation to State Farm's improper removal is reasonable. Moreover, State Farm stipulates to the amount, which demonstrates its reasonableness.

**IT IS THEREFORE ORDERED** that the Plaintiffs' Unopposed Motion for Attorney Fees (Dkt. 20) is hereby **GRANTED.** Accordingly, the Court awards $8,972.50 to Plaintiffs for attorneys' fees incurred in this matter. Defendant State Farm Fire & Casualty Company shall pay $8,972.50 to counsel for Plaintiffs within twenty (20) days of this Order.

**IT IS SO ORDERED this 23rd day of September, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[6] *See id.* (citing *Hotline Indus. Inc.*, 236 F.3d at 366–68).